c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE CO, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05002 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CECIL D GASSIOTT L L C ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are three largely identical Motions to Dismiss for Failure to State a Claim filed by Defendants Gassiott Oden Lake, LLC ("GOL") (ECF No. 66), Bayou Marine Services, Inc. ("BMS") (ECF No. 70), and Gassiott Castor Properties, LLC ("GCP") (collectively "Movants") (ECF No. 71). The Movants argue that Plaintiff Frankenmuth Mutual Insurance Co. ("Frankenmuth") has failed to state a claim against them under the "single business enterprise doctrine," and that Frankenmuth's tort claims are prescribed.

Because Frankenmuth has sufficient facts to state a facially plausible claim, and because it has not alleged any tort claims against Movants, the Motions to Dismiss should be DENIED.

I.  **Background and Procedural History**

Frankenmuth filed its initial Complaint against named defendants Cecil D. Gassiott, LLC ("CDG"), Cecil D. Gassiott, and Vickie Gassiot. ECF No. 1.

1

Frankenmuth subsequently obtained a default judgment against those defendants for $268,826.95, plus contractual and judicial interest. ECF No. 27. However, following an evidentiary hearing, the Court vacated the default judgment as to Cecil and Vickie Gassiot. ECF No. 41. The Default Judgment remains in place as to CDG.

Thereafter, on September 5, 2024, Frankenmuth filed an Amended Complaint naming several additional Defendants, including GOL, BMS and GCP. ECF No. 49. On November 10, 2024, Movants filed the pending Motions to Dismiss. ECF Nos. 66, 70 and 71.

The Motions to Dismiss argue that Frankenmuth does not have an indemnity agreement signed by Cecil Gassiot, and therefore cannot maintain a single business enterprise claim against the other business entities owned by Cecil Gassiot (apart from CDG). Movants further allege that Frankenmuth's factual allegations of common ownership, common management, common domicile, and commingled funds between the entities are insufficient to disregard their separate juridical identities, particularly in the absence of allegations of fraud by Movants.

Additionally, Movants argue that the claims alleged under the Louisiana Unfair Trade Practices Act ("LUPTA") are not viable and are undermined by Frankenmuth's assertion that Cecil Gassiot authorized Sam Gassiot to sign contracts on his behalf. Lastly, Movants argue that any and all tort claims brought by Frankenmuth are prescribed under La. C.C. Arts. 3492 and 3493.1, because its Amended Complaint alleging tort claims was not filed until September 5, 2024, more than two years after the damages were suffered.

Frankenmuth counters that the only claims brought against Movants are for indemnification and injunctive relief, not for unfair trade practices or torts. ECF No. 76 at 7. As to Movants' argument regarding an Indemnity Agreement signed by Cecil Gassiot, Frankenmuth points to its allegation in the Amended complaint that Sam Gassiot signed the Indemnity Agreement at issue on behalf of Cecil Gassiot, with authority to do so. ECF No. 76 at 7. Frankenmuth further cites to the Indemnity Agreement itself, which defines "indemnitor" as any "legal entity in which one or more of [the undersigned] hold any ownership interest whether in existence now or formed or acquired hereafter." ECF No. 76 at 8.

II. <u>Law & Analysis</u>

A. **<u>The Court should dismiss the Complaint if it fails to state a claim upon which relief can be granted.</u>**

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted." But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right

to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

When reviewing a motion to dismiss, the Court may rely on only the complaint and its proper attachments. However, courts may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Here, the Indemnity Agreement was not attached to the Amended Complaint. However, it was attached as Exhibit A to the Original Complaint and is referenced in and central to the claims alleged in the Amended Complaint. Accordingly, the Court will consider it here.

B. <u>Frankenmuth has stated a facially plausible claim under the SBE doctrine.</u>

"[T]he Single-Business Enterprise doctrine is 'a theory for imposing liability where two or more business entities act as one.'" *Premier Rotors, L.L.C. v. Black Star*, L.L.C., 2019 WL 6724354, at *3 (W.D. La. 2019) citing *Brown v. ANA Insurance Group*, 994 So.2d 1265, 1266 (La. 2008) and *Green v. Champion Insurance Co.*, 577 So.2d 249, 257 (La. App. 1st Cir. 1991), *writ den.*, 580 So.2d 668 (La. 1991). Louisiana courts previously applied a complex eighteen-factor test established by *Green v.*

4

*Champion Ins. Co.*, 577 So.2d 249, 257–58 (La. App. 1st Cir. 1991). However, *Green* was legislatively overruled in 2024 by the enactment of La. R.S. 12:1705, which became effective August 1, 2024.

> La. R.S. 12:1705 now provides as follows:
>
> A. The separate juridical personality of a business organization shall not be disregarded as between one business organization and another <u>except on grounds that would justify disregarding the separate personality of a business organization as between the business organization and a natural person.</u>
> B. Notwithstanding Subsection A of this Section, the separate juridical personality of a business organization may not be disregarded merely because one or more of the following circumstances exist:
> (1) They control one another or are under the common control of the same person or business organization.
> (2) They have common directors, officers, shareholders, members, managers, partners, or employees.
> (3) They have common offices.
> (4) They are subject to unified administrative control.
> (5) They utilize a centralized accounting system.
> (6) One business organization finances, incorporates, or organizes another.
> (7) One business organization makes properly documented payments on behalf of another or makes properly documented use of the property of another.
> (8) The employees of one business organization provide properly documented services for another.
> (9) One business organization receives no business other than that given to it by another.

La. R.S. 12:1705 (Emphasis added).

Veil-piercing is typically appropriate in two contexts: (1) where the shareholders, acting through the corporation, commit fraud or deceit on a third party, such that justice demands the corporate veil be pierced to allow the third party to recover from the shareholders personally; and (2) when the shareholders disregard the corporate formalities to such an extent that the shareholders and the corporation

become indistinguishable, *i.e.,* the corporation was operated as the "alter ego" of the shareholder. *Hill International, Inc. v. JTS Realty Corporation*, 370 So.3d 16, 30-31 (La. App. 1st Cir. 2022) citing *Fausse Riviere, L.L.C. v. Snyder*, 211 So.3d 1188, 1193 (La. App. 1st Cir. 2017); *see also Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991).

Courts consider the following non-exclusive list of factors: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. *Hill International, Inc.*, 370 So.3d at 33 (La. App. 1st Cir. 2022) citing *Fausse Riviere, L.L.C.*, 211 So.3d at 1193 (La. App. 1st Cir. 2017). A finding that technical formalities were not followed is not usually enough to justify piercing the veil. Instead, courts generally require "some misuse of the corporate privilege or other justification for limiting [the recognition of a separate corporate existence] under the facts of a particular situation," such as fraud, breach of professional duty, negligence, or another wrongful act. *Prasad v. Bullard*, 51 So.3d 35, 41 (La. App. 5th Cir. 2010).[1]

Here, Frankenmuth has alleged that Cecil Gassiott owns and operates a single business enterprise comprised of nine entities, including Movants and CDG. ECF No.

---

[1] "In the absence of particular allegations of shareholder fraud, a plaintiff will bear a heavy burden of proving that a shareholder disregarded corporate formalities to the extent that the shareholder and the corporation had become indistinguishable." *New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 40 So.3d 394, 407 (La. App. 4th Cir. 2010), writ denied, 45 So.3d 1100 (La. 2010).

6

49 at 14. Frankenmuth asserts that all nine entities identify Cecil Gassiott as their agent, owner, director, member, and/or manager, and share the same two addresses for mailing, registered agent, director, and member. ECF No. 49 at 14. Frankenmuth asserts that Cecil Gassiott has commingled the finances of the nine entities, in addition to commingling his personal finances with the finances of the nine entities. ECF No. 49 at 14-15.

Frankenmuth has also alleged that, acting through CDG as its sole manager and 100% owner, Cecil Gassiott misrepresented or suppressed the truth with the intent to obtain an unjust benefit, or to cause loss to Frankenmuth. ECF No. 49 at 21. Specifically, Frankenmuth claims that Cecil Gassiot committed fraud, and seeks to pierce the veil between Cecil Gassiot and CDG, and between Movants. Thus, Frankenmuth has adequately pleaded both fraud by Cecil Gassiot, acting through CDG, and a disregard of corporate formalities between his nine entities (including Movants) sufficient to state a facially plausible claim under La. R.S. 12:1705.

Frankenmuth also asserts an Indemnity Agreement was executed by Cecil Gassiot in its favor and that Sam Gassiot signed the agreement on behalf of Cecil. ECF No. 49 at 20. Section 1 of the Indemnity Agreement defined "Indemnitor or Indemnitors" as any "legal entity in which one or more of [the undersigned] hold any ownership interest whether in existence now or formed or acquired hereafter." ECF No. 1-1 at 2. As such, Frankenmuth has sufficiently alleged facially plausible claims for indemnification and injunctive relief against the Movants as Indemnitors.

C. <u>Because Frankenmuth asserts no LUPTA or tort claims against the Movants, its claims are not prescribed under La. C.C. Arts. 3492 and 3493.1.</u>

La. C.C. Art. 3492, which was repealed as of July 1, 2024, provided that delictual actions are subject to a liberative prescription of one year. La. C.C. Art. 3493.1, effective July 1, 2024, now provides that delictual actions are subject to a liberative prescription of two years, running from the day that injury or damage is sustained.

Here, the Amended Petition includes a claim for injunctive relief against the Movants, seeking to have Movants provide a full accounting of all assets, books, records and accounts; restraining them from alienating or placing a lien on their assets, and; providing Frankenmuth with a lien against their assets. Frankenmuth also requests an order granting it the right of indemnification from Movants.

However, the LUPTA and fraud claims are brought against Cecil and Sam Gassiot, not against Movants. Accordingly, the prescriptive periods set forth in La. C.C. Arts. 3492 and 3493.1 do not apply to the claims against Movants.[2]

III. Conclusion

Because Frankenmuth has stated sufficient facts to state facially plausible claims for indemnification and injunction against the Movants under both the Single-Business Enterprise doctrine and the Indemnity Agreement, and because it has not

---

[2] In Louisiana, breach of contract claims are subject to a liberative prescription of ten years. La. C.C. Art. 3499, see also *Interstate Battery Systems of America, Inc. v. Kountz*, 78 So.3d 200, 203-204 (La. App. 3rd Cir. 11/2/11) (where court found that a judgment creditor who amended its petition to add two corporate defendants under a piercing corporate veil and single business enterprise theory satisfied burden of showing that allegations concerning its breach of contract claims were subject to ten-year prescriptive period for personal actions.) Both the Original and Amended Complaint state that Frankenmuth became aware of the first potential breach of the indemnity agreement on July 18, 2022. ECF No. 1 at 6, ECF No. 49 at 7. The Original Complaint was filed August 26, 2022. The Amended Complaint, adding the Movants, was filed September 5, 2024.

alleged any tort claims against these Movants, **IT IS RECOMMENDED** that the Motions to Dismiss (ECF Nos. 66, 70, 71) should be **DENIED.**

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, August 20, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE